J. S42042/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                :                      PENNSYLVANIA
                           v.            :
                                  :

JEREMY COOL,                 :           No. 1925 MDA 2016
                                  :

               Appellant     :


Appeal from the Judgment of Sentence, August 9, 2016,
in the Court of Common Pleas of Luzerne County
Criminal Division at No. CP-40-CR-0001360-2015


BEFORE: OLSON, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 18, 2017**

Jeremy Cool appeals from the August 9, 2016 judgment of sentence where the trial court resentenced him to serve a term of 8 to 16 months' imprisonment for retail theft.[1] Matthew P. Kelly ("Attorney Kelly"), appellant's counsel, has filed a petition to withdraw, alleging that the direct appeal is wholly frivolous, accompanied by an ***Anders*** brief.[2] After careful review, we grant the petition to withdraw and affirm.

The facts, as recounted by the trial court, are as follows:

> On February 27, 2014, [appellant] was charged with Retail Theft, 18 Pa. C.S.A. § 3929 §§ A1 after absconding with merchandise from the

---

[1] 18 Pa.C.S.A. § 3929(a)(1).

[2] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

Kmart Department Store in Edwardsville, Pennsylvania.

On September 2, 2015, [appellant] pled guilty to Retail Theft. . . . On October 9, 2015, [appellant] was sentenced to two (2) to four (4) months in the Luzerne County Correctional Facility followed by one (1) year probation.

On October 14, 2015, [appellant] filed a Motion for Modification of Sentence. On October 20, 2015, the Motion for Modification was denied. On October 26, 2015, [appellant] filed a Petition for Parole to Inpatient Treatment to White Deer Run of Allenwood, Pennsylvania. On October 28, 2015, without objection of the Commonwealth, [appellant's] p]etition for inpatient treatment was granted. On November 23, 2015, [appellant] filed an Application for Parole indicating that at the time of parole he will have successfully completed inpatient treatment at White Deer Run of Allenwood. After hearing, on December 11, 2015, the Court granted [appellant's] application for parole effective December 14, 2015 with the stipulation that [appellant] reside at the James A. Casey House, LLC.

On June 10, 2016, a probation violation report was filed against [appellant] alleging a new arrest. After continuance was granted in this matter, by admission of [appellant], [appellant's] probation was revoked. [Appellant] was to be transferred to a State Correctional Institute to be evaluated for State Intermediate Punishment. The sentencing was to be scheduled by video. On July 27, 2016, [appellant] filed a Motion for Reconsideration of sentence. On August 9, 2016, after hearing on [appellant's] Motion, [appellant's] Motion for Modification was denied and [appellant] was resentenced to eight (8) to sixteen (16) months consecutive to Case No. 3219 of 2015.

On August 10, 2016, [appellant] filed a Motion to Modify Sentence for the following reasons:

a. [Appellant's] crimes are due to his serious heroin addiction;

b. [Appellant] is amenable to treatment, as evidenced by his successfully completing the White Deer Run inpatient rehabilitation program;

c. This Honorable Court is aware of [appellant's] addiction as evidenced by the Court's original attempt to have [appellant] evaluated for the State Intermediate Punishment Program;

d. [Appellant] could have been sentenced concurrently with with case 3219-15;

e. [Appellant] could have been sentenced to a County sentence; and

f. [Appellant] has private insurance and has an opportunity to attend a long term rehabilitation program if serving a sentence at LCCF.[3]

On August 11, 2016, the Court denied [appellant's] Motion to Modify Sentence.

On November 18, 2016, [appellant] filed an Application to File Appeal Nunc Pro Tunc. On November 22, 2016, the Court granted [appellant's] Motion permitting [appellant] to file an appeal within thirty (30) days of the date of the order. On November 22, 2016, [appellant] filed a Notice of Appeal to the Superior Court.

This Court entered an Order on December 7, 2016 directing [appellant] to file of record a Concise Statement of Errors Complained of on Appeal pursuant to Pa. R.A.P. 1925(b) and serve a copy of same upon the District Attorney and this Court pursuant to Pa. R.A.P. 1925(b)(1). The Order

---

[3]"LCCF" is an abbreviation for Luzerne County Correctional Facility.

required the Statement to concisely identify each ruling or error [a]ppellant intends to challenge with sufficient detail to identify all pertinent issues for the Judge to consider. Further, the Order provided that any issue not properly included in the Concise Statement and timely filed and served within twenty-one (21) days of the date of the Order shall be deemed waived pursuant to Rule 1925(b).

On December 22, 2016, [appellant] filed a Statement of Matters Complained of on Appeal Pursuant to Rule 1925(b). On December 28, 2016, the Commonwealth filed Commonwealth's Response to [appellant's] Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925([b]).

Trial court opinion, 3/13/17 at 1-2.

Appellant raises one issue for this court's review: "Whether the trial court abused its discretion in sentencing the [a]ppellant[?]" (Appellant's brief at 1.)

On May 8, 2017, Attorney Kelly filed in this court a petition to withdraw as counsel and an **Anders** brief, wherein he states that the appeal is wholly frivolous and no meritorious issues exist.

A request by appointed counsel to withdraw pursuant to **Anders** and **Santiago** gives rise to certain requirements and obligations, for both appointed counsel and this Court. **Commonwealth v. Flowers**, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).

These requirements and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**,

- 4 -

939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise additional points worthy of the Court's attention.

*Woods*, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an *Anders* brief:

> The *Anders* brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes

> arguably supports the appeal;
> (3) set forth counsel's
> conclusion that the appeal is
> frivolous; and (4) state
> counsel's reasons for
> concluding that the appeal is
> frivolous. Counsel should
> articulate the relevant facts of
> record, controlling case law,
> and/or statutes on point that
> have led to the conclusion
> that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361.

> *Id.* at 1248. If this Court determines that appointed
> counsel has met these obligations, it is then our
> responsibility "to make a full examination of the
> proceedings and make an independent judgment to
> decide whether the appeal is in fact wholly frivolous."
> *Id.* at 1248. In so doing, we review not only the
> issues identified by appointed counsel in the *Anders*
> brief, but examine all of the proceedings to "make
> certain that appointed counsel has not overlooked
> the existence of potentially non-frivolous issues."
> *Id.*

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Kelly's application to withdraw, supporting documentation, and *Anders* brief reveals that he has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant; advised him of his right to retain new counsel, proceed *pro se*, and/or raise any additional points that he deems worthy of this court's attention; and attached to the *Anders* petition a copy of the letter sent to appellant as required under *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa.Super. 2005). *See Commonwealth v. Daniels*,

999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in *Santiago* set forth the new requirements for an *Anders* brief, which are quoted above, the holding did not abrogate the notice requirements set forth in *Millisock* that remain binding legal precedent."). As Attorney Kelly has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of *Anders*.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. Thus, we now turn to the merits of appellant's appeal.

Appellant asserts that the trial court abused its discretion when imposing sentences. Specifically, appellant alleges that the trial court failed to consider his heroin addiction and successful completion of an inpatient rehabilitation program and that if he received a county sentence, he would have an opportunity to attend a long-term rehabilitation program. Appellant further asserts that the trial court abused its discretion when it failed to sentence him concurrently with a sentence that he was then serving at Luzerne County Docket No. 3219 of 2015.

Our standard of review is well settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse

of discretion is more than an error in judgment--a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa.Super. 2015), quoting ***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa.Super. 2014), ***appeal denied***, 109 A.3d 678 (Pa. 2015). ***See also Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa.Super. 2013) (***en banc***) (this court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges).

> Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:
>
> (1)  the defendant has been convicted of another crime; or
>
> (2)  the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3)  such a sentence is essential to vindicate the authority of the court.
>
> 42 Pa.C.S. § 9771(c).

***Commonwealth v. Pasture***, 107 A.3d 21, 27-28 (Pa. 2014). We also note that the sentencing guidelines do not apply to sentences imposed as the result of probation revocations. ***Id.*** at 27.

> An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. [***Commonwealth v. Malovich***, 903 A.2d 1247, 1250 (Pa.Super. 2006)]; 42 Pa.C.S.A. § 9781(b). Specifically, the appellant must present, as part of the appellate brief, a concise statement of the reasons relied upon for allowance of appeal. ***Malovich***, 903 A.2d at 1250; Pa.R.A.P. 2119(f). In that statement, the appellant must persuade us there exists a substantial question that the sentence is inappropriate under the sentencing code. ***Malovich***, 903 A.2d at 1250; Pa.R.A.P. 2119(f).

***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa.Super. 2008).

> In general, an appellant may demonstrate the existence of a substantial question by advancing a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the sentencing code or violated a fundamental norm of the sentencing process. ***Malovich***, 903 A.2d at 1252. While this general guideline holds true, we conduct a case-specific analysis of each appeal to decide whether the particular issues presented actually form a substantial question. ***Id.*** Thus, we do not include or exclude any entire class of issues as being or not being substantial. ***Id.*** Instead, we evaluate each claim based on the particulars of its own case. ***Id.***

***Id.*** at 289-290.

Attorney Kelly included a Rule 2119(f) statement in his brief, in which he avers that the trial court's refusal to sentence appellant to a county

sentence for the purpose of entering into a long-term rehabilitation program is a substantial question that requires discretionary review.

In the argument section of the **Anders** brief, Attorney Kelley asserts that appellant alleges that the trial court failed to consider appellant's heroin addiction and his successful completion of an inpatient rehabilitation program. If the trial court had considered these rehabilitative needs, it would have sentenced him to a county sentence where he could have participated in a long-term rehabilitation program. Attorney Kelly asserts that a claim that a trial court abused its discretion when sentencing a defendant by failing to consider his rehabilitative needs does not raise a substantial question that a sentence was inappropriate under the Sentencing Code.

The trial court stated that it received a pre-sentence investigation report. (Notes of testimony, 8/9/16 at 10.) "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations[.]" **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa.Super. 2009). As a result, the trial court was aware of appellant's completion of an inpatient treatment program and the possible current need for drug treatment. Further, allegations that a sentencing court failed to adequately consider mitigating factors does not raise a substantial question for appellate review. **Commonwealth v. DiSalvo**, 70 A.3d 900, 903 (Pa.Super. 2013). This court agrees with

Attorney Kelly that appellant failed to establish a substantial question that the trial court's decision violated the Sentencing Code or a fundamental norm of the sentencing process.

Attorney Kelly also reports that appellant alleges that the trial court abused its discretion when it failed to sentence appellant concurrently with the sentence he was serving at Luzerne County Docket No. 3219 of 2015. Attorney Kelly explains that 42 Pa.C.S.A. § 9721 affords a sentencing court discretion to impose a sentence concurrently or consecutively with other sentences imposed at the same time or already imposed and that a challenge to this exercise of discretion does not ordinarily raise a substantial question. *See Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa.Super. 2005). This court agrees with Attorney Kelly that this issue is frivolous.

Additionally, our independent review of the record has not disclosed any potentially non-frivolous issues. Consequently, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017

- 11 -